```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

SPIRIT HALLOWEEN              :    HONORABLE JOSEPH E. IRENAS
SUPERSTORES, LLC,             :
                              :
         Plaintiff,           :         CIVIL ACTION
                              :   NOS. 08-4010 (JEI) & 08-4373 (NLH)
     v.                       :          (Consolidated)
                              :
WICKED SYSTEMS INC., and      :
FRANK KRIZE,                  :    ORDER DISCHARGING ORDERS
                              :    TO SHOW CAUSE WHY
         Defendants.          :    PRELIMINARY INJUNCTIONS
------------------------------     SHOULD NOT BE ISSUED AGAINST
                              :    DEFENDANTS
SPIRIT HALLOWEEN              :
SUPERSTORES, LLC,             :
                              :
         Plaintiff,           :
                              :
     v.                       :
                              :
WICKED SUPERSTORE, LLC,       :
and KIMBERLY F.               :
CUNNINGHAM,                   :
                              :
         Defendants.          :
```

**APPEARANCES:**

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By:  Fredric R. Cohen, Esq.
4300 Haddonfield Road, Suite 311
Pennsauken, New Jersey 08109
         Co-Counsel for Plaintiff

ECKERT SEAMANS CHERIN & MELLOTT, LLC
By:  Roberta Jacobs-Meadway, Esq.
     Sean P. McConnell, Esq.
Two Liberty Center
50 South 16th Street, 22nd Floor
Philadelphia, Pennsylvania 19102
         Co-Counsel for Plaintiff

STARK & STARK, P.C.
By:  Michael J. Fekete, Esq.
401 Route 73 North
40 Lake Center Executive Park, Suite 130
Marlton, New Jersey 08053
         Counsel for Defendants

**IRENAS**, Senior District Judge:

This consolidated matter[1] appeared before the Court on Plaintiff's Motions for Orders to Show Cause why a preliminary injunction should not be issued against Defendants[2]; the Court having issued the Orders to Show Cause and pursuant to those Orders, having held a preliminary injunction hearing on October 10, 2008; and it appearing that:

1. The Court's findings of fact were set forth on the record in open court and are incorporated herein by reference.

2. The Court holds:

    a. The restrictive covenant contained in the 2006 Consignment Agreement is not unenforceable per se.[3]

    b. The temporal and geographic parameters of the non-competition clause contained in the 2006

---

[1] By order dated September 15, 2008, this Court consolidated Plaintiff's suit against Defendants Cunningham and Wicked Superstore, LLC, into the pre-existing suit Plaintiff filed against Defendants Krize and Wicked Systems, Inc.

[2] Both Complaints seek only injunctive relief.  No monetary damages are sought, other than the Plaintiff's request for "such other and further relief as this Court may deem warranted." (Krize Amend. Compl. p. 9; Cunningham Compl. p. 9)

[3] The parties agree that New Jersey law applies to the merits of this case.  The 2006 Consignment Agreement, ¶ 6.4 provides, "The validity, interpretation, enforceability, and performance of this Consignment Agreement shall be governed by and construed in accordance with the law of the State of New Jersey."

        Consignment Agreement are unreasonable under the circumstances. *See Solari Indust. v. Malady*, 55 N.J. 571, 585 (1970). Accordingly, exercising the Court's "blue pencil" powers, the non-competition clause is hereby limited in its geographic coverage to 3 miles, and limited in its period of enforceability to 1 year. *See id.*[4]

    c.    In light of (indeed, because of) the blue penciled provisions, Plaintiff has not established a likelihood of success on the merits.

    d.    Alternatively, Plaintiff has failed to sustain its burden of demonstrating irreparable harm absent an injunction.

    e.    This Court has personal jurisdiction over Defendant Kimberly Cunningham.

    f.    The 2006 Consignment Agreement is enforceable against Defendant Cunningham.

3.    The parties agree that Paragraph 8.2 of the 2006

---

[4] *See also, Jiffy Lube Int'l, Inc. v. Weiss Bros., Inc.*, 834 F. Supp. 683, 690-92 (D.N.J. 1993).

Consignment Agreement provides that all other disputes, aside from the instant application for injunctive relief, must be submitted to binding arbitration.  Accordingly, a final judgment will be issued and the case will be terminated.  And for good cause shown,

**IT IS** on this 14th day of October, 2008,

**ORDERED THAT:**

(1) The Court's Orders to Show Cause, dated September 4 and September 15, 2008, are hereby **DISCHARGED**.  Plaintiff's applications for preliminary injunctions against Defendants are hereby **DENIED.**

(2) The Court hereby retains jurisdiction to enforce any of the arbitration provisions of the relevant agreement(s).

(3) The Clerk of Court is hereby directed to close this file.

      s/ Joseph E. Irenas
      JOSEPH E. IRENAS, S.U.S.D.J.